[No. 21519. Department One. December 6, 1928.]

JOSIE J. ARCHER, *Respondent,* v. H. L. BEVERLY *et al., Appellants.*[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellants.

*E. N. Eisenhower,* for respondent.

MITCHELL, J.—This is an automobile collision case. The testimony on behalf of the respective parties was so conflicting that the trial judge at the close of the case remarked, "It seems that some one has to be more than honestly mistaken." Mrs. Josie J. Archer instituted the action against H. L. Beverly and wife,

[1]Reported in 272 Pac. 513.

and recovered judgment against them, from which they have appealed.

Mr. and Mrs. Mason, with Mrs. Archer as their guest, in one car, and Mr. and Mrs. Hall and a guest occupying another car, made up an outing party to Long Beach, Pacific county. Upon leaving camp, they traveled northerly along a graveled highway, the Hall car a short distance ahead. They descended a hill along a straight road across a small valley, and upon nearing a bridge in the bottom of the valley, Hall, upon noticing appellants' car being driven rapidly down the hill from the opposite direction, and estimating the bridge to be narrower than the road, stopped his car on the extreme right hand side of the road near the bridge until the appellants' car had passed.

Appellants' car on passing swerved off onto soft earth and gravel on the right hand shoulder of the roadway. Upon passing the Hall car, the driver of appellants' car, upon noticing, as he and appellants' witnesses testified, that a running-board box on the left hand side of the approaching Mason car was projecting over the running board, frantically waved his hand up and down, but continued without slackening his speed. All parties on both sides seem to agree that the occupants of the Mason car were wholly unaware that the box was projecting over the running board.

The driver of the Mason car, noticing the approaching of the appellants' car at a rapid unslackened speed, unable to understand the waving of the hand, applied the brakes to his car, reducing the speed to about fifteen miles an hour, and took the side of the road as far to the right as he could safely, when suddenly the appellants' car was steered to the left, out of the loose earth and gravel, so as to strike the left rear end of the Mason car, causing the injuries complained of, and continued some distance beyond before it was stopped.

The speed of the appellants' car until the time of the collision was estimated by respondent's witnesses at thirty-five to forty-five miles an hour. The collision occurred in daytime.

The court found that, at the place of the accident, the traveled portion of the road "was approximately fifteen feet or more in width and had deep ditches on either side thereof." A further finding was as follows:

"That said road, at the place of the accident, was sufficiently wide for both of said cars to meet and pass, if the defendant's car had been driven in a careful and prudent manner, but when the defendants' car was opposite the Mason car, the driver of the defendants' car suddenly, carelessly and negligently turned into and against the rear portion of the Mason car, upsetting the same and causing plaintiff's injury. That the driver of the Beverly car, thinking he had passed the Mason car and attempting to get into the center of the highway, turned his car sharply to the left, causing the front bumper or front left hubcap of the Beverly car to strike the left rear fender or left rear wheel of the Mason car with such force as to push the rear part of the Mason car over the shoulder of the road sufficiently far to make the same over-turn. That at the time of the accident the Mason car was equipped with a running-board box, which was one inch narrower and the same length as the running board of the Mason car, and was fastened on the left running-board with two clamps. That the clamps on said box were fastened about twelve or eighteen inches from the end of the box, and from the way the same was constructed and fastened on to the running-board, it was impossible for the front end of said box to extend into the road more than twelve inches beyond the fender, without falling off. That said box was constructed of such light cedar that when the same came in contact with the rear fender of the Beverly car, the said box was completely shattered and broken into innumerable pieces. That said box was not of sufficient strength

to push the Mason car off the road. That at the time of the accident, the Mason car was as far to its side of the road as its safety would permit, and the road was sufficiently wide at the place of the accident to have allowed both cars to have passed in safety even with the box on the Mason car projecting into the highway as far as possible without falling off, had the Beverly car been driven in a careful and prudent manner. That the driver of the Beverly car saw the box on the Mason car a sufficient distance away that the Beverly car could have stopped if the same were being driven in a careful and prudent manner. That the said Beverly car was not stopped at the time of the accident, and was going at such speed that it continued past the place where the Mason car was struck a distance of one hundred to one hundred fifty feet. That said collision was due wholly to the negligence of the Beverly car.''

As already stated, the evidence was positively conflicting in many important and essential respects. Among other things, appellants' testimony was that their car was at a standstill at the time of the collision. The trial court, however, saw and heard the witnesses as they testified, and we are of the opinion, upon an examination and consideration of all the testimony as shown by the statement of facts, that the preponderance of the evidence is in favor of the findings made by the trial court, and that the conclusions and judgment were correct.

Affirmed.

FULLERTON, C. J., PARKER, BEALS, and TOLMAN, JJ., concur.